The STATE of Ohio, Appellee,

v.

**FULLER, Appellant.**

[Cite as *State v. Fuller* (1990), 64 Ohio App.3d 349.]

Court of Appeals of Ohio,
Clark County.

No. 2608.

Decided Jan. 10, 1990.

*Darnell E. Carter,* Assistant Prosecuting Attorney, for appellee.

*Jon W. Fuller, pro se.*

FAIN, Judge.

Defendant-appellant Jon W. Fuller appeals from the dismissal of his petition for post-conviction relief. Although we reject all of his other assignments of error, we agree with Fuller that he was effectively deprived of the assistance of counsel during his direct appeal from his conviction and sentence, following a guilty plea, for the offenses of involuntary manslaughter and robbery. Our conclusion is based upon the fact that Fuller, an indigent, requested, however inartfully, the appointment of a different lawyer to represent him in connection with his direct appeal, but his trial lawyer was appointed to represent him on appeal. Therefore, Fuller, who assigned as error, *pro se*, the ineffective assistance of trial counsel, was effectively deprived of the assistance of appellate counsel to argue that assignment of error, since his trial counsel could not be expected to argue effectively that he had been ineffective as trial counsel. Accordingly, we will reinstate Fuller's direct appeal, being case No. CA 2223 in this court, and we will reverse, in part, the trial court's denial of Fuller's petition for post-conviction relief, and remand this cause to the trial court with instructions to appoint appellate counsel, other than Fuller's trial counsel, to represent him in connection with his appeal.

I

Fuller was indicted for involuntary manslaughter, aggravated robbery, and robbery. After a finding of indigency, James N. Griffin was appointed as Fuller's trial counsel.

Fuller subsequently pled guilty to involuntary manslaughter and to robbery. The charge of aggravated robbery was dismissed. The trial court accepted Fuller's pleas, entered judgments of conviction, and sentenced Fuller accordingly.

Fuller appealed from his convictions and sentences, contending that there was prejudicial error in the proceedings in which Fuller's guilty pleas were accepted, as a result of which his pleas were not voluntarily made. This court, in case No. CA 2223, overruled Fuller's assignment of error, and affirmed his convictions.

In connection with that direct appeal, Fuller moved the trial court for the appointment of counsel to represent him in connection with his appeal. This motion was in the form of a typed motion and memorandum. Below the text of his motion, immediately to the left of his signature, there is written in hand, in blue ink: "I don't want the same lawyer." The trial court appointed James N. Griffin, who was Fuller's trial counsel, to represent him on appeal.

Griffin filed an *Anders* brief in this court, in which he found no proper basis for a reversal of the judgment, but in which he characterized Fuller's grievances as being a contention that his plea was not voluntarily made because the trial court had not fully and adequately explained to Fuller the nature of the charges to which he pled guilty, and had not adequately explained to Fuller the constitutional rights that he would be waiving by pleading guilty.

Fuller filed his own *pro se* brief in which he assigned as error, among other things, the ineffective assistance of trial counsel.

The result of Fuller's direct appeal was an affirmance.

Fuller filed this petition for post-conviction relief, along with his own supporting affidavit. The state moved to dismiss Fuller's petition for post-conviction relief. The trial court, without a hearing, dismissed the petition. From the dismissal of his petition for post-conviction relief, Fuller appeals.

## II

Fuller has seventeen assignments of error. His First through Tenth, Twelfth, Fourteenth, and Sixteenth Assignments of Error are as follows:

### "First Assignment of Error

"The trial court erred in finding that there was no supporting documentary evidence of ineffective assistance of counsel to warrant post-conviction relief when in fact Assignments of Error's [*sic*] no. 2 thru 17 are exact copies of the grounds for relief brought before the post-conviction court and ruled by that court as meritless due to lack of sufficient documentary evidence. Petitioner respectfully submits these allegations as assignments of error to be ruled on by the court of appeals both individually and cumulatively in respect to questions of violations to state, federal, and constitutional law.

### "Second Assignment of Error

"Petitioner-appellant's guilty plea is void because of mental illness and mental incompetence at the time of plea; petitioner was denied due process of law.

### "Third Assignment of Error

"Petitioner-appellant's [*sic*] was denied due process of law in violation of the 5, 6 and 14th Amendments of the United States Constitution, in that his attorney denied petitioner his right to change [h]is plea from not guilty to not guilty by reason of insanity, by lying to petitioner appellant and telling him it

was too late to change his plea. This being just two weeks after petitioner's arraignment on his plea of not guilty.

## "Fourth Assignment of Error

"Counsel for petitioner-appellant was ineffective in that he did not request a psychiatric evaluation after petitioner-appellant requested an evaluation.

## "Fifth Assignment of Error

"Petitioner-appellant was denied due process of law by of [*sic*] inadequate and ineffective assistance of counsel, that counsel breached a clear duty to his client by not conducting any investigation both factual and legal to determine if matters of defense could be taken.

## "Sixth Assignment of Error

"Attorney for petitioner-appellant was ineffective and incompetent in that he never explained the elements of the alleged crime to his client or the nature of the charges petitioner-appellant plead [*sic*] guilty to.

## "Seventh Assignment of Error

"Counsel for petitioner-appellant used coersion and misled and misrepresented himself to me and to the court he misled ne [*sic*] on what I was pleading to and coerced me into doing so. I was induced into pleading guilty.

## "Eighth Assignment of Error

"Counsel was incompetent and ineffective in that he did not attempt to suppress the statement of the only witness and evidence against me. He did not investigate the incompetency of her mind which would have invalidated her statement.

## "Ninth Assignment of Error

"Counsel did not allow adequate time to investigate any kind of defense. Counsel for petitioner-appellant was ineffective in that he did not try to develop any kind of defense, or discuss any defenses full or partial with petitioner-appellant.

## "Tenth Assignment of Error

"Petitioner-appellant states that he had no specific intent to commit any alleged crime.

## "Twelfth Assignment of Error

"Counsel for petitioner-appellant was incompetent and ineffective in that he did not investigate the possibility of insanity at the time of the alleged crime.

"Fourteenth Assignment of Error

"Petitioner-appellant was not given a preliminary hearing, nor a proper presentence investigation.

"Sixteenth Assignment of Error

"Counsel never interviewed any witnesses or witness, and could not interview my co-defendant because of a gag order by the prosecution."

Common to all of these assignments of error is Fuller's contention that his pleas of guilty are defective because they were not knowingly and voluntarily made. In *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823, it was held that "a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." *Id.* at 38, 5 OBR at 96, 448 N.E.2d at 826. We understand the essential principle in *Kapper, supra,* to be that where, as here, a defendant is contending that he is entitled to post-conviction relief because his guilty plea was not knowingly and voluntarily made, and the record does not support his contention, he may not obtain a hearing based solely upon his own affidavit, but must produce " '[a] letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea process * * *.' " *Id.*

Although Fuller attached to his affidavit what appear to be copies of certain medical and psychiatric records, these were not authenticated, related to subjects with names different than Fuller, and were not entirely self-explanatory.

We have reviewed the transcript of the plea proceedings, and we conclude that it does not support Fuller's contention that his plea was not knowingly and voluntarily made. We also conclude that Fuller has failed to support his petition with sufficient documentation, other than his own affidavit, to satisfy the test set forth in *State v. Kapper, supra.*

Fuller's First through Tenth, Twelfth, Fourteenth, and Sixteenth Assignments of Error are overruled.

## III

Fuller's Thirteenth Assignment of Error is as follows:

"Counsel for petitioner-appellant was ineffective at sentencing hearing in that he did not say anything in my favor and did not fully disclose to the court that I had done absolutely nothing."

■ We conclude that this assignment of error, also, is controlled by the principle set forth in *State v. Kapper, supra.* In *Kapper*, the court was concerned with the ineffective assistance of counsel during the plea proceedings. In Fuller's Thirteenth Assignment of Error, he is asserting the ineffective assistance of counsel at sentencing, following the plea proceedings. We have reviewed the transcript of the sentencing proceedings, and it does not support Fuller's contention of ineffective assistance of counsel. Since Fuller has not produced any documentary evidence in support of this contention other than his own affidavit, we conclude that the trial court was not required to hold a hearing, for all of the reasons set forth in *State v. Kapper, supra.*

Fuller's Thirteenth Assignment of Error is overruled.

## IV

Fuller's Fifteenth Assignment of Error is as follows:

"Petitioner-appellant alleges that trial judge, Judge Henderson, showed prejudicial bias by reading and being influenced in his sentencing decision by my co-defendant's statement, and that said statement was partially coerced by detectives who conducted the interrogation of Devonna [*sic*] Rudd."

■ The record does not affirmatively establish that the trial court considered the written statement, to police officers, of Fuller's co-defendant, Devona Rudd. However, if the trial court did consider that written statement, including the reference therein to Fuller's having told Rudd that he had previously killed two men, we find no error. A trial court is not restricted by the rules of evidence with respect to those matters that it may consider in determining the sentence to impose. Fuller has not cited any authority for the proposition that a trial court is restricted in its consideration, for sentencing purposes, of a written statement made by a co-defendant.

Fuller's Fifteenth Assignment of Error is overruled.

## V

Fuller's Seventeenth Assignment of Error is as follows:

"The court did not explain the nature of the charges to me, the court did not ascertain to petitioner-appellant what he was pleading to. Petitioner-appellant did not plead to the elements of the alleged crime. The guilty plea is void."

■ This same argument was made to this court in Fuller's direct appeal. We considered and rejected this argument in the direct appeal, *State v. Fuller* (Apr. 14, 1987), Clark App. No. CA 2223, unreported, 1987 WL 10159. Consequently, this assignment of error is barred by *res judicata.*

Fuller's Seventeenth Assignment of Error is overruled.

## VI

Fuller's Eleventh Assignment of Error is as follows:

"Petitioner-appellant claims that he was denied effective assistance of counsel on direct appeal, which denied him the right to a direct appeal as his constitutional right."

In connection with his direct appeal, Fuller moved for the appointment of appellate counsel, and supported his motion with an affidavit of indigency. Below the typed text of his motion, to the left of his signature, there is handwritten, in blue ink, the words: "I don't want the same lawyer."

In an entry, the trial court sustained Fuller's motion for the appointment of counsel to represent him on appeal, and appointed James Griffin, his trial counsel, to be his counsel on appeal.

Griffin filed an *Anders* brief, and Fuller filed, *pro se,* his own brief on direct appeal, assigning as error, among other things, the ineffective assistance of counsel at trial.

■ Although an attorney appointed as appellate counsel who is not the same as trial counsel is presumptively capable of making the argument, on appeal, that the defendant was denied the effective assistance of counsel at trial, when the appointed appellate counsel is the same attorney who represented the defendant at trial, he must be presumed incapable of making an effective argument that the defendant was denied the effective assistance of counsel at trial. See *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169.

■ When a defendant is totally deprived of the assistance of counsel during the appellate phase of criminal proceedings against him, that is a violation of his right to counsel under the Sixth Amendment to the United States Constitution, and that violation is *per se* prejudicial. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

■ Where, as here, an indigent criminal defendant decides to argue on appeal that he has been deprived of the effective assistance of trial counsel, and has made a request to the trial court that a lawyer, other than his trial counsel, be appointed to represent him on appeal, we conclude, based upon

*Penson v. Ohio, supra,* that it is a violation of his Sixth Amendment right to counsel to fail to provide him with an attorney other than his trial counsel to represent him in connection with his appeal. Furthermore, based upon *Penson v. Ohio, supra,* we conclude that such a failure must be deemed to be prejudicial *per se.* Consequently, we conclude from this record that Fuller is correct in his contention that he was denied the effective assistance of counsel in connection with his direct appeal in this case, and that that was prejudicial *per se.*

Fuller's Eleventh Assignment of Error is sustained.

## VII

Fuller's Eleventh Assignment of Error having been sustained, this court will reinstate Fuller's direct appeal, being case No. CA 2223, and the decision of the trial court denying Fuller's petition for post-conviction relief will be affirmed in part, and reversed in part, and this cause will be remanded to the trial court with instructions to appoint appellate counsel for Fuller who shall be an attorney other than Fuller's trial counsel.

*Judgment accordingly.*

WOLFF, P.J., and KERNS, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.