The STATE of Ohio, Appellee,

v.

GREENE, Appellant.

[Cite as *State v. Greene* (1993), 86 Ohio App.3d 620.]

Court of Appeals of Ohio,
Summit County.

No. 15944.

Decided March 3, 1993.

*William D. Wellemeyer,* Summit County Assistant Prosecuting Attorney, for appellee.

*Robert Greene, pro se.*

DICKINSON, Judge.

Petitioner-appellant, Robert Greene, has appealed from the denial of his petition for post-conviction relief. We affirm.

On October 13, 1987, Greene was charged with aggravated robbery with a firearm specification. On December 2, 1987, following a jury trial, he was found guilty of aggravated robbery. He appealed his conviction to this court, which affirmed on July 20, 1988. On October 5, 1992, pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, Greene filed a motion for delayed reconsideration of this court's decision affirming his conviction, arguing ineffective assistance of his appellate counsel. This court denied that motion on October 13, 1992, finding that Greene's appellate counsel was not ineffective as to the issue raised.

On March 14, 1991, Greene filed a *pro se* petition for post-conviction relief in the court of common pleas. The state moved to dismiss that petition on March 22, 1991, and Greene responded. The court of common pleas denied Greene's petition and granted the state's motion to dismiss, without holding an evidentiary

hearing, on September 11, 1992. Greene thereafter appealed to this court, asserting one assignment of error.

## Assignment of Error

"Appellant is denied his right under the Sixth Amendment to the United States Constitution, made applicable by the Fourteenth Constitution, Article One, Section 10, when counsel did not function as counsel guaranteed by those Constitutions, as counsel failed to secure available evidence which would have resulted in him being found not guilty."

The basis of Greene's petition to the court of common pleas was a claim that trial counsel was ineffective during his original trial. The court of common pleas, however, found that Greene failed to present sufficient evidence in support of his claim.

In order to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that deficient performance. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Because there are countless ways for an attorney to provide effective assistance of counsel in a given case, we must give great deference to counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.*

Greene has asserted that his trial counsel was ineffective for failing to present certain evidence to the jury. Greene has argued that presenting that evidence to the jury would have resulted in his acquittal. Greene failed, however, to submit an affidavit or other evidentiary material in support of his petition. A petition for post-conviction relief can be denied without a hearing if the petition "and its surrounding evidentiary documents do not contain operative facts which, if true, would establish a substantive ground for relief." *State v. Spaulding* (Aug. 26, 1992), Summit App. No. 15497, unreported, at 4, 1992 WL 209372. Because Greene failed to submit any evidentiary material supporting his claim that relevant evidence existed and that he timely informed trial counsel of that evidence, the trial court properly denied his petition for post-conviction relief. *Spaulding, supra.*

The assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and BAIRD, J., concur.