OPINION
Defendant-appellant, Vanessa Huff, appeals the denial of her petition for postconviction relief.
Appellant was indicted on one count of assault in violation of R.C. 2903.13(B). She pleaded no contest to the charge, was found guilty, and sentenced to one year imprisonment with credit for time served. No direct appeal was taken from this judgment.
Appellant subsequently filed for postconviction relief, claiming she was denied a fair trial, the effective assistance of counsel, and the right to be free from excessive bail. The petition did not contain any supporting documentary evidence. The trial court sua sponte dismissed the petition upon finding there was no evidence to support any of the claims that appellant's constitutional rights had been infringed.
In two assignments of error, appellant claims the trial court erred by: (1) sua sponte dismissing her petition, and (2) failing to conduct an evidentiary hearing.
A petition for postconviction relief may be denied without a hearing if the petition and its supporting evidentiary documents do not contain operative facts which, if true, would establish substantive grounds for relief. State v. Greene (1993), 86 Ohio App.3d 620; State v. Armstrong (1988), 56 Ohio App.3d 105.
Where the accused claims she was denied the effective assistance of counsel in rendering a plea, the petition must be supported with sufficient documentation. State v. Fuller (1990),64 Ohio App.3d 349. Accordingly, the petitioner must submit sufficient documentation to demonstrate that counsel violated an essential duty and that the defense was prejudiced by counsel's ineffectiveness. See State v. Blankenship (June 28, 1993), Butler App. Nos. CA92-03-057, CA92-07-140, unreported, citing State v. Jackson (1980), 64 Ohio St.2d 107.
Other than her own self-serving declarations, appellant did not submit any documentary evidence to support her petition. Statements of this nature do not satisfy the burden to submit evidentiary documents necessary to demonstrate grounds for relief. See State v. Kapper (1983), 5 Ohio St.3d 36, certiorari denied (1983), 464 U.S. 856, 104 S.Ct. 174; State v. Williams (1991), 74 Ohio App.3d 686.
We therefore find that the trial court did not abuse its discretion in sua sponte dismissing appellant's petition for postconviction relief without a hearing. The assignments of error are overruled.
KOEHLER and WALSH, JJ., concur.