OPINION
Defendant-appellant, Leonard Hensley, appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm the trial court's judgment.
On March 13, 1996, appellant entered a plea of guilty to one count of robbery in violation of R.C. 2911.02(A), an aggravated second degree felony. On April 24, 1996, the trial court sentenced appellant to three to fifteen years' imprisonment.
On September 3, 1996, appellant filed his petition, alleging that his indefinite sentence constituted a denial of due process of law and cruel and unusual punishment. Appellant claims he was entitled to be resentenced to a definite sentence pursuant to the provisions of Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2"). The trial court dismissed appellant's petition.
On appeal, appellant claims the trial court erred in denying his petition without a hearing.
Appellant's primary argument centers on Senate Bill 2 and his claim that he has a right under the bill to be resentenced to a definite term of imprisonment. This legislation, effective July 1, 1996, does not apply to terms of imprisonment imposed for offenses committed prior to the bill's effective date. State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported. Since appellant was sentenced in April 1996 for a crime committed before that date, Senate Bill 2 clearly does not apply.
Under these circumstances, the trial court correctly denied appellant's petition without a hearing. See State v. Greene (1993), 86 Ohio App.3d 620. Appellant's assignment of error is without merit and is hereby overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.