This is an appeal from judgments of conviction and sentence entered by the Lawrence County Common Pleas Court, upon a jury verdict, finding Gordon Meredith, defendant below and appellant herein, guilty of aggravated robbery in violation of R.C. 2911.01 (A)(1). The following errors are assigned for our review:
 FIRST ASSIGNMENT OF ERROR: "TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT'S MOTION FOR CONTINUANCE OF TRIAL WHERE NEW EVIDENCE WAS DISCOVERED DURING TRIAL WHICH COULD BE EXCULPATORY."
 SECOND ASSIGNMENT OF ERROR: "DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO HIS 6TH AMENDMENT RIGHT TO COUNSEL. BECAUSE COUNSEL WAS NOT GRANTED CONTINUANCE AND GIVEN OPPORTUNITY TO INVESTIGATE NEW EVIDENCE DISCOVERED AT TRIAL. THIS BEING A CONSTITUTIONAL QUESTION WHERE NO EXPRESS OBJECTION NEED BE MADE AT TRIAL, AND THE DOCTRINE OF PLAIN ERROR APPLIES."
A brief summary of the facts pertinent to this appeal is as follows. On April 20, 1998, at approximately 4 P.M., two (2) men entered Leo's Carryout in South Point, Ohio, and robbed the store at gun point taking approximately $1,500. One of the store clerks identified appellant as a perpetrator. The authorities later arrested appellant. The Lawrence County Grand Jury returned an indictment on August 17, 1998, charging appellant, inter alia, with aggravated robbery in violation of R.C. 2911.01
(A)(1).[1]
The matter came on for trial on December 14, 1998, at which time a videotape taken by the store's security camera was viewed by the jury. It was generally believed, prior to playing the tape, that the tape contained no audio component. When the prosecution played the tape, however, certain sounds could be heard. Defense counsel moved for a continuance until such time as he could have the tape "digitally enhanced" and "cleaned up" so that it could be compared to a "voice exemplar" taken from appellant to ascertain if the recording was exculpatory. The trial court permitted appellant's counsel to take the tape to a local television station for "enhancement" and further examination. The trial court overruled the motion for a continuance, however, citing the length of time that the case had been pending and the fact that counsel knew of the tape and previously had access to it. Nevertheless, the court indicated that it would approve funds to have the tape analyzed by an expert after trial.
On January 6, 1999, the jury entered a verdict finding appellant guilty as charged. The trial court sentenced appellant to a seven (7) year term of imprisonment. This appeal followed.
While the cause sub judice was pending, appellant filed motions with this Court seeking a stay of his appeal as well as a remand of the case back to the trial level for further "possible" proceedings. The bases for these motions were that he wanted the aforementioned videotape to undergo expert analysis. Depending on the results of that analysis, appellant concluded, he would file a motion for new trial.
On November 1, 1999, this Court filed an entry staying appellant's appeal and remanding the case to the trial court "to take whatever action the court deem[ed] necessary concerning expert analysis of the evidence." The analysis was apparently unsuccessful and, on March 10, 2000, appellant filed a notice with this Court withdrawing his stay of appeal and a notice and entry with the trial court withdrawing his motion for new trial. These filings included, as an exhibit, a letter and curriculum vitae from one Tom Owen who purported to be an expert in voice identification. Mr. Owen explained in his letter that he was unable to enhance the videotape's audio track "sufficiently to be able to completely understand what was being said" and that the tape did not meet criteria for spectrographic analysis (voice identification). The matter is now before us for review.
 I
Before turning to the merits of the appeal, we first give a precatory caveat to our review. Appeals are generally determined on the basis of the record as it existed at the trial level when the trial court entered whatever orders that form the basis of the appeal. Ordinarily, a case is not reviewed in retrospect with the benefit of new materials which did not exist prior to entry of the final judgment. However, because of the unique procedural posture of the cause sub judice, i.e. this Court's November 1, 1999 entry staying the appeal and remanding this case for further proceedings, the letter written by appellant's expert (Mr. Owen) is a part of the trial court record and can properly be considered by us in reviewing his assignments of error.
That being said, the aforementioned letter essentially renders appellant's arguments moot. The assignments of error concern actions taken by the trial court and defense counsel once it was discovered that the videotape had an audio component. Appellant contends that those actions were erroneous. Even assuming arguendo that they were, an error must still be prejudicial before it warrants a reversal of judgment. SeeState v. Stanton (1968) 15 Ohio St.2d 215, 239 N.E.2d 92, at paragraph two of the syllabus; also see Suchy v. Moore (1972), 29 Ohio St.2d 99,102, 279 N.E.2d 878, 880. Appellant cannot show any prejudice given that his own expert conceded that the audio portion of the videotape did not meet the criteria for voice analysis. With that in mind, we turn our attention to the assignments of error.
 II
Appellant argues in his first assignment of error that the trial court erred in not granting him a continuance to have the videotape analyzed by an expert. We disagree. The decision to grant or deny a continuance is left to the sound discretion of the trial court. State v. Mason
(1998), 82 Ohio St.3d 144, 155, 694 N.E.2d 932, 947; State v. Claytor
(1991), 61 Ohio St.3d 234, 241, 574 N.E.2d 472, 478; State v. Unger
(1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, at the syllabus. Its decision will not be reversed on appeal absent a showing of an abuse of that discretion. An abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466,470, 644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894, 898; State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149. It means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1, 3. The "abuse of discretion" standard is a difficult standard to meet and this Court will not substitute its own judgment for that of the trial court in determining whether a continuance would have been appropriate. See In re Jane Doe I (1991), 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181, 1184; Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301, 1308.
Having reviewed the record before us, and considering that the videotape was made available prior to trial and that the videotape's audio portion could apparently have been discovered simply by playing that tape at a louder volume, we discern no abuse of discretion by the trial court in allowing the trial to proceed. It is again worth noting that although the trial court denied the request for a continuance, the court did allow the tape to be analyzed subsequent to trial. Moreover, the results of that analysis provided nothing in the way of exculpatory evidence for the defense. Appellant can show no error, let alone prejudicial error, in the court's decision. For these reasons, his assignment of error is without merit and is overruled.
 III
Appellant argues in his second assignment of error that he was denied effective assistance of counsel because the trial court would not grant his attorney a continuance to have an expert analyze the videotape. We disagree with appellant.[2]
As we noted earlier, we find no error in the decision denying the requested continuance and, thus, for that reason it follows that appellant would not have been deprived of effective assistance of counsel. Finally, we note that in order to prove ineffective assistance, one must show both defective performance by trial counsel as well as prejudice resulting therefrom. See Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 693, 104 S.Ct. 2052, 2064; also seeState v. Goodwin (1999), 84 Ohio St.3d 331, 334, 703 N.E.2d 1251, 1256;State v. Goff (1998), 82 Ohio St.3d 123, 129, 694 N.E.2d 916, 929; Statev. Loza (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082, 1105. A court need not analyze both prongs of the Strickland standard if the case can be resolved under only one of them. See State v. Madrigal (2000),87 Ohio St.3d 378, 388, 721 N.E.2d 52, 64; also see State v. Six (May 20, 1999), Washington App. No. 998CA9, unreported. As discussed previously, appellant can show no prejudice with respect to the videotape because the audio portion thereof ultimately proved insufficient for voice analysis. He is thus unable to demonstrate ineffective assistance of counsel and his second assignment of error is overruled.
Having reviewed all errors assigned and argued in the briefs, and finding merit in none of them, the judgment of the trial court is hereby affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ______________________________ Peter B. Abele, Judge
Harsha, J. Evans, J. : Concur in Judgment Opinion
[1] Appellant was also charged with a related incident of receiving stolen property, in violation of R.C. 2913.51, to which he ultimately pled guilty.
[2] Our analysis of this issue presupposes that the argument is even properly raised here. The same counsel who represented appellant at trial is also representing him on appeal. A number of courts have held that an ineffective assistance of counsel claim cannot be raised under such circumstances. See State v. Tinch (1992), 84 Ohio App.3d 111, 126,616 N.E.2d 529, 532; State v. Fuller (1990), 64 Ohio App.3d 349, 356,581 N.E.2d 614, 618; also see State v. Jones (Nov. 29, 1996), Ashtabula App. No. 96-A-9, unreported; State v. Jones (Dec. 26, 1995), Franklin App. No. 89AP-424, unreported. We declined to address the issue on a previous occasion, see State v. Patrick (Sep. 8, 1994), Lawrence App. No. 94CA2, unreported, and decline to do so again in the cause sub judice
because, as discussed above, this matter can be resolved on other grounds.