DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Fulton County Court of Common Pleas which granted the state's motion to revoke appellant Michael Leahy's community control and reimposed upon appellant his original sentence. This case is hereby removed from the accelerated calender pursuant to 6th Dist.Loc.App.R. 12(B). From the trial court's judgment, appellant raises the following assignments of error:
 "FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT COMMITTED PLAIN ERROR IN FINDING THAT DEFENDANT-APPELLANT VIOLATED THE TERMS OF HIS COMMUNITY CONTROL SANCTION WHEN HAD [SIC] BEEN PREVIOUSLY RELEASED FROM THAT SANCTION.
 "SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT'S FINDING THAT THE DEFENDANT-APPELLANT VIOLATED HIS COMMUNITY CONTROL SANCTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "THIRD ASSIGNMENT OF ERROR: DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL LOST SIGHT OF THE POSTURE OF THE CASE AND ALLOWED DEFENDANT-APPELLANT TO PLEAD TRUE TO VIOLATING HIS COMMUNITY CONTROL SANCTION WHERE DEFENDANT-APPELLANT WAS NOT ON A COMMUNITY CONTROL SANCTION.
 "FOURTH ASSIGNMENT OF ERROR: THE TRIAL COURT'S DECISION TO REIMPOSE THE REMAINDER OF DEFENDANT-APPELLANT'S PRISON TERM WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "FIFTH ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN IMPOSING THE GREATEST POSSIBLE SENTENCE FOR A VIOLATION OF COMMUNITY CONTROL SANCTIONS WITHOUT MAKING THE REQUISITE FINDINGS UNDER R.C. 2929.14(C)."
On May 21, 1997, appellant was sentenced to serve a term of four years in prison after having pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1). Thereafter, on December 17, 1998, the lower court granted appellant's motion for an order suspending further execution of his sentence, i.e. motion for judicial release. Through that order, the court suspended the remainder of appellant's sentence and placed appellant on "probation" for a term of five years upon a number of enunciated conditions. The next two entries in the lower court record are confusing. The first, dated March 8, 1999, is an order that reads:
 "Upon the Court's own Motion, and for good cause, Defendant is granted an EARLY DISCHARGE from COMMUNITY CONTROL, upon the follow [sic] terms and conditions, to wit:
 "1) Defendant pays all of his fines, costs, and court ordered financial obligations within 10 days.
 "2) Defendant enter the service of the U.S. Marine Corps, on or before July 15, 1999, and maintain his good conduct standing during his initial term of service with the U.S. Marine Corps.
 "3) In the event Defendant should be discharged from the U.S. Marine Corps on any basis other than `Honorable,' then Defendant may be placed back on Court Supervision on the same terms and conditions as were applicable prior to his early discharge from Community Control."
The next entry, however, dated March 11, 1999, is titled "Judgment Entry of Early Release From Probation" and reads:
 "As of March 11, 1999 it is the recommendation of the Fulton County Adult Probation Department the Defendant should be released early from probation.
 "According to Ohio Criminal Law Handbook section 2951.06, the Defendant shall be released from probation as soon as the requirements and conditions ordered have been attained. The Defendant has successfully taken care of all his financial obligations with the Fulton County Court of Common Pleas (court costs, attorney fees, restitution, and cost of confinement). According to the Defendant, he is currently residing at 605 North Gorham Street, Apt. C., Fayette, Ohio 43521.
 "The Defendant was placed on probation December 17, 1998 for a period of five (5) years. However due to the circumstances articulated in the above paragraphs it is the Order of the Court that the Defendant's probationary period be terminated early, effective March 11, 1999."
Thereafter, appellant was not accepted into the Marine Corps. Fearing that he would be returned to prison, appellant moved to Arizona without informing his probation officer. Accordingly, on June 18, 1999, the state filed a motion with the trial court to place appellant back on community control. The next entry of substance in the trial court's record is again confusing. It is a motion by the state, dated February 18, 2000, seeking to revoke appellant's community control for his failure to comply with the terms and conditions of that community control. Specifically, the motion alleged that since June 22, 1999, appellant's whereabouts have been unknown and that his probation officer had been unable to make contact with him, all in violation of his community control.
Subsequently, appellant filed a motion to continue the community control revocation hearing because he had recently been diagnosed as having bipolar disorder with intermittent explosive disorder and had been placed on medication for those disorders. Appellant requested the continuance so that his treating psychiatrist and psychologist could evaluate the effectiveness of the drug treatment. The trial court ordered the evaluation and proceeded to a community control revocation hearing on May 4, 2000. At that hearing, appellant entered a plea of true to the allegation that he was absent from the state of Ohio for a period of eight months beginning in July 1999 and that during that time he did not have contact with his probation officer. The court then conducted the standard colloquy with appellant to determine that his plea was knowing, intelligent and voluntary. Finding that it was, the court accepted appellant's plea and proceeded to the sentencing phase at which appellant testified. Appellant stated that upon being released from prison he was placed on community control but he was never told that he could be returned to prison for violating his "probation." He then stated that when he learned that he would not be admitted into the Marine Corps, he left for Arizona because his probation officer intimated that he would be returned to prison. In a judgment entry dated May 10, 2000, the trial court revoked appellant's community control and reimposed appellant's original four year prison term with credit for time served. It is from that judgment that appellant now appeals.
Appellant's first and second assignments of error are interrelated and will be discussed together. Appellant asserts that the trial court committed plain error in finding him in violation of his community control sanction because he had already been released from that sanction. He further argues that the finding that he had violated his community control was against the manifest weight of the evidence.
The problem presented by this assignment of error, and by this case in general, is the trial court's interchangeable misuse of the terms "probation" and "community control." "After Senate Bill 2, community control is different from probation. Community control, which is specifically governed by R.C. 2929.15 through 2929.18, deals with felony convictions and is considered an alternative to a prison term. Probation, which is governed by different sections of the Revised Code, now generally involves misdemeanors and refers to conditions imposed under a suspended jail sentence." State v. Griffin (1998),131 Ohio App.3d 696, 698. That is, community control, as it is provided for in R.C. 2929.15 through 2929.18, however, and probation, as provided for in R.C. 2951.01 et seq., are sentences which are given in lieu of a prison term. In the present case, appellant served two years of a four year prison term and was then released from prison upon his motion for an order suspending further execution of sentence. The proper term for such a motion is a motion for judicial release which is governed by R.C.2929.20. Paragraph (I) of that statute reads in relevant part:
 "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under a mandatory condition of the type described in division (A) of section 2967.131
[2967.13.1] of the Revised Code, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation. The period of the community control sanction shall be no longer than five years."
Accordingly, by granting appellant judicial release and placing him on community control pursuant to R.C. 2929.20 the trial court reserved the right to reimpose appellant's original sentence should appellant violate the terms of that community control. State v. Fugate (Nov. 13, 2000), Butler App. No. CA2000-02-031, unreported; State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24, unreported.
Despite the trial court's use of the term "probation," by granting appellant's motion for judicial release, the court could only have placed appellant on community control. On March 8, 1999, the trial court granted appellant an early release from his community control upon specific terms, including appellant's entry into the Marine Corps. Appellant never entered the Marine Corps and, as such, he never completed the conditions necessary for his release from community control. Moreover, at the hearing of May 4, 2000, appellant admitted to having violated his community control. Accordingly, we cannot say that the trial court committed plain error by finding that appellant had violated the terms of his community control or that the finding was against the manifest weight of the evidence.
The first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that his trial counsel was ineffective for allowing him to admit to the community control violation when he was not on community control. As we have stated above, appellant was never released from community control and so he could properly be found in violation of it. Moreover, we note that appellant's trial counsel and appellate counsel are one and the same. Accordingly, appellant's counsel is arguing his own ineffectiveness. It is well-established that in a direct criminal appeal where appointed counsel is the same attorney appointed to represent the defendant at trial, he is presumed to be incapable of effectively arguing that he was ineffective at the trial level. State v. Fuller (1990),64 Ohio App.3d 349, 356. The proper remedy in such instance is a petition for postconviction relief. State v. Cole (1982), 2 Ohio St.3d 112;State v. Jenkins (1987), 42 Ohio App.3d 97, 100. Accordingly, appellant's third assignment of error is not well-taken.
Appellant's fourth and fifth assignments of error are interrelated. In his fourth assignment of error, appellant asserts that the trial court's decision to impose his original sentence was against the manifest weight of the evidence. He contends that the only evidence submitted to the court below consisted of reports by mental health professionals that appellant's recently diagnosed mental illnesses were controllable by medication and counseling and that appellant would likely successfully complete a community control sanction if he remained on the medication. In his fifth assignment of error, he asserts that the trial court erred in imposing the greatest possible sentence for a violation of community control without making the requisite findings under R.C. 2929.14(C).
When a trial court grants a motion for judicial release pursuant to R.C. 2929.20, it simply suspends the defendant's original sentence. "Since the original sentence is only suspended, generally the appropriate time for a defendant to challenge its validity is within thirty days after the trial court files its sentencing entry, not when the trial court reimposes the suspended sentence." State v. Fugate, supra. Moreover, "if the conditions of that release are violated, the statute clearly provides that the trial court may `reimpose' the suspended term without making the findings that are required to issue an original felony sentence." State v. Gardner, supra. Because the trial court determined, and we have affirmed, that appellant was in violation of his community control it did not need to address the R.C. 2929.14(C) factors, and thus did not need to review the evidence submitted by appellant, before reimposing appellant's original sentence. In addition, we note that appellant's original sentence, four years, was not the greatest possible sentence for a first degree felony. Rather, appellant was facing a maximum possible prison term of ten years for the aggravated robbery conviction.
Accordingly, appellant's fourth and fifth assignments of error are not well-taken.
On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 __________________________________ Mark L. Pietrykowski, J.
 Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.