OPINION
This is a timely appeal of Appellant's conviction in the Belmont County Court of Common Pleas on one count of aggravated robbery. For the following reasons, we affirm the conviction.
On August 13, 1999, at approximately 4:30 p.m., a masked gunman armed with a sawed-off shotgun robbed the Belmont National Bank branch located in Lansing, Ohio. (Tr., 215-217). The robber absconded with approximately $10,400 in cash from the bank. (Tr., 541).
On February 3, 2000, the Belmont County Grand Jury indicted Appellant for the robbery, charging him with one count of aggravated robbery in violation of R.C. § 2911.01(A)(1), a first degree felony, with a gun specification pursuant to R.C. § 2941.141. The matter proceeded to jury trial beginning on May 31, 2000. The jury convicted Appellant of the one count in the indictment, along with the gun specification. The sentencing hearing was held on June 19, 2000. The court sentenced Appellant to ten years in prison for aggravated robbery and one year for the gun specification, to be served consecutively, for a total of eleven years in prison. (6/26/00 J.E.). This appeal followed.
Appellant's first and second assignments of error assert:
 "THE PRESIDING JUDGE FOR THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO IMPROPERLY OVERRULED APPELLANT'S MOTION FOR ACQUITTAL BASED ON THE STATE OF OHIO NOT PROVING BEYOND A REASONABLE DOUBT AT THE END OF THEIR CASE IN CHIEF THAT BERNARD HARRIS WAS GUILTY OF VIOLATING O.R.C. SECTION 291101(A)(1).
 "THE PRESIDING JUDGE FOR THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO IMPROPERLY OVERRULED APPELLANT'S MOTION FOR ACQUITTAL AT APPELLANT'S SENTENCING HEARING BASED ON THE STATE OF OHIO NOT PROVING BEYOND A REASONABLE DOUBT AT THE END OF ALL THE EVIDENCE PRESENTED AT TRIAL THAT BERNARD HARRIS WAS GUILTY OF VIOLATING O.R.C. SECTION 291101(A)(1)."
Appellant asserts that there were numerous deficiencies in Appellee's evidence purportedly identifying him as the assailant. Appellant concludes that his Crim.R. 29 motion to acquit should have been sustained. Based on the record provided in this appeal, Appellant has waived his right to assert any errors based on the trial court's denial of his Crim.R. 29 motion to acquit.
Crim.R. 29(A) states:
"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
The purpose of a Crim.R. 29 motion made at the conclusion of the state's presentation of evidence is to test the sufficiency of the evidence and, if the evidence is insufficient, to remove the case from the jury. Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, 398 N.E.2d 781, overruled on other grounds by State v. Lazzaro (1996), 76 Ohio St.3d 261,667 N.E.2d 384.
Crim.R. 29(C) allows a criminal defendant to renew a motion to acquit, "within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period." Where a case is tried to a jury, failure to renew the motion to acquit within the time period fixed by Crim.R. 29(C) constitutes a waiver of any errors which relate to or stem from the decision to overrule the motion. Thus, this failure constitutes waiver on any issue relating to the sufficiency of the evidence. Rogers, supra, 60 Ohio St.2d at 163; State v. Melton
(2001), 141 Ohio App.3d 713, 719, 754 N.E.2d 285; State v. Miley (1996),114 Ohio App.3d 738, 742, 684 N.E.2d 102; see also Helmick v.Republic-Franklin Ins. Co. (1988), 39 Ohio St.3d 71, 549 N.E.2d 464, paragraph one of syllabus, which provides for the same result in civil cases.
The record reflects that Appellant raised a Crim.R. 29 motion to acquit at the close of Appellee's case in chief. (Tr., 707). The motion was overruled by the trial court. (Tr., 708). There is nothing in the record indicating that Appellant subsequently renewed the motion. Therefore, Appellant has waived the errors alleged in his first and second assignments of error.
Furthermore, even if the issue had been preserved, there is substantial evidence of record supporting Appellant's conviction. In reviewing a record for sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of syllabus, following Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
The record in this matter contains testimony from Appellant's girlfriend, Ericka Johnson, that, on the day of the robbery, he showed her a bag full of money and told her that he had robbed the bank. (Tr., 489-490). Shellie Darrah, a former girlfriend of Appellant's, testified that in February or March of 1999 he brought a shotgun to her house and sawed off the end of it while he was there. (Tr., 342-343). There was evidence that the robber ran behind the bank, crossing a creek and a heavily wooded area (Tr., 165) and it was raining after the robbery. (Tr., 167). Appellant arrived at the home of Doreen Violet the evening of the robbery with wet, muddy and torn clothing. (Tr., 484-485, 641). Prior to the robbery, Appellant had little money and was not regularly employed. (Tr., 476). After the robbery, he had a large amount of cash (Tr., 490, 643-645) and, in fact, he purchased a car with $2,000 in cash on August 27, 1999. (Tr., 686, 690). A rational jury could have found Appellant guilty of the crime based on this evidence. Accordingly, we overrule Appellant's first and second assignments of error.
Appellant's third assignment of error asserts:
 "THE CONVICTION OF APPELLANT BERNARD LEE HARRIS IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO WAS IMPROPER DUE THE INEFFECTIVE ASSISTANCE OF COUNSEL BY APPELLANT'S TRIAL ATTORNEY ON MAY 31, 2000."
Appellant argues that his trial counsel was ineffective for not attempting to establish that there was systemic exclusion of jurors of African American descent from the jury pool and jury panel. Appellant's counsel on appeal is the same counsel which represented him at trial, and therefore, counsel is arguing his own ineffectiveness. As a question has arisen as to the propriety of addressing this error on appeal, we must first deal with the issue as to whether Appellant may now raise this argument on direct appeal.
There are good reasons for an attorney to avoid asserting an assignment of error alleging his or her own ineffectiveness at trial. It does appear to create a conflict in the attorney-client relationship, because counsel may be jeopardizing his or her license to practice law by making such an argument successfully on appeal. Counsel may also be setting up his own client's malpractice claim against him, or may be attempting to defend such a claim preemptively by having an appellate court rule on it in advance. Furthermore, if the attorney was ineffective at trial, is he now also ineffective in arguing his own shortcomings on appeal?
The question remains, though, as to whether an attorney should be completely barred from making such a claim of ineffectiveness on direct appeal. This question is distinguishable from that in which a criminal defendant represents himself at trial and then tries to claim ineffective assistance of counsel on appeal. "[I]t is settled law that a defendant who has elected to proceed pro se cannot later complain of his own ineffectiveness as a grounds for reversal." United States v. Weisman
(C.A.8, 1988), 858 F.2d 389, 391, citing Faretta v. California (1975),422 U.S. 806, 834-35 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562.
The Fifth, Sixth, Eleventh and Twelfth Appellate Districts of Ohio appear to have held that a lawyer may not allege his or her own ineffectiveness on appeal. State v. Tinch (1992), 84 Ohio App.3d 111,616 N.E.2d 529 (Twelfth District); State v. Leahy (Dec. 22, 2000), Fulton App. No. F-00-011, unreported (Sixth District); State v. Jones (Nov. 29, 1996), Ashtabula App. No. 96-A9, unreported (Eleventh District); Statev. Beitzel (June 14, 1994), Tuscarawas App. No. 93AP050036, unreported (Fifth District). Not all of these appellate districts are entirely consistent in this area, in that they sometimes allow a review of the issue. See, e.g., In re Puckett (Sept. 17, 2001), Butler App. No. CA2000-10-203 (Twelfth District); In the Matter of Whiteman (June 30, 1993), Williams App. No. 92WM000009, unreported (Sixth District).
Other appellate districts expressly allow for review of this issue. The Fourth District has held that counsel who represented a defendant both at trial and on appeal is presumed incapable of making an ineffective assistance of trial counsel argument on direct appeal, but would undertake such a review if raised and supported in the record despite such a presumption. State v. Gordon Meredith (June 22, 2000), Lawrence App. No. 99CA2. The Tenth District, in State v. Raymond Jones (Dec. 26, 1995), Franklin App. No. 89AP-424, took a nearly identical position. Likewise, the Second District has specifically held that, "[a]lthough counsel cannot be expected to argue his own trial ineffectiveness[,] where he or she does so in a forthright manner, this court is not precluded on direct appeal from addressing that issue." State v. Taylor
(July 26, 1996), Montgomery App. No. 15119, unreported.
There does not appear to be an absolute bar to arguing one's own ineffectiveness in federal criminal appeals. See, e.g., Barker v. UnitedStates (C.A.7, 1993), 7 F.3d 629, 632.
The Ohio cases which appear to absolutely prohibit the review of an ineffectiveness of counsel argument where trial counsel continues to represent on appeal are based on a misreading of certain post-conviction relief and habeas decisions. For example, Tinch, supra, is often cited as persuasive authority for refusing to review the issue. Tinch does stand, apparently, for the direct proposition that a lawyer who represents a defendant at trial and then again on appeal "cannot" allege his own ineffectiveness. Tinch at 126. Unfortunately, Tinch relies on State v.Fuller (1990), 64 Ohio App.3d 349, which is a post-conviction relief case and does not address direct appeal. Thus, such reliance on Fuller is entirely misplaced.
In Fuller, the defendant had requested that a new lawyer be appointed for his appeal, but the court reappointed his trial counsel. Counsel made no mention of ineffective assistance at the appellate level; however, the defendant filed his own appellate brief raising this issue. Defendant lost his case on appeal. Because the defendant wanted the ineffective assistance claims fully addressed by a new lawyer, the court granted his request on post-conviction relief.
It is apparent that the Fuller court, in reviewing the post-conviction petition, merely opined that, when trial counsel and appellate counsel are different, counsel on appeal is presumed capable of making an argument as to ineffective assistance of trial counsel. Id. at 356. However, when the same lawyer handles both the trial and the appeal, counsel must be "presumed incapable" of making such an argument. Id. Thus, according toFuller, it was no surprise that the defendant's lawyer did not pursue an ineffective assistance argument on direct appeal, and the court held that the defendant should be allowed to raise the issue, with new counsel, in post-conviction relief. Id. at 356-357.
Fuller bases this line of reasoning on State v. Cole (1982),2 Ohio St.3d 112. Again, Cole is a post-conviction relief case, not a direct appeal decision. Cole and its progeny all state that it isunrealistic to expect that appellate counsel, if that same lawyer also represented the defendant at trial, will allege his or her own ineffectiveness. Cole at 115, fn. 1; in accord State v. Hooks (2001),92 Ohio St.3d 83, 84, 748 N.E.2d 528; State v. Dunlap (2000),89 Ohio St.3d 277, 278, 730 N.E.2d 985; State v. Lentz (1994),70 Ohio St.3d 527, 529, 639 N.E.2d 784. There is a significant difference, though, between not expecting an attorney to raise an issue and actually prohibiting the attorney from doing so.
In a very recent case, this Court stated that, "[a]n actual conflict of interest bars counsel from raising their own ineffectiveness on direct appeal." State v. Chalky (Dec. 6, 2001), Mahoning App. No. 96 CA 165, unreported, citing Lentz, supra, at 529. As Chalky was also a post-conviction relief case and did not involve a direct appeal, it does not address the question being raised in the instant case. Furthermore, our holding in Chalky does not necessarily apply to every instance where an attorney raises his or her own ineffectiveness on direct appeal. As the Ohio Supreme Court recognized in Lentz, even though a conflict of interest arises when an attorney raises his or her own ineffectiveness, that conflict may be waived. Lentz, 70 Ohio St.3d at 531. We can presume that, if appellate counsel actually presents a successful and persuasive argument on appeal, the client has agreed to waive any conflict of interest by agreeing to pursue the appeal in the first place.
Certainly, there are good and valid reasons why Appellant should have obtained or requested new appellate counsel if he indeed believes his current counsel provided substandard representation at trial. However, simply because he could have done so, and may yet file an application for reopening based on ineffective assistance of his current counsel on appeal, we do not believe that these are reasons to decline from addressing Appellant's third assignment. Neither do we think that it is our duty to ignore the argument presented to us and to direct Appellant to file a habeas or post-conviction relief petition. While he may certainly do so, the prospect that he might so file should not preclude us from dealing with the substance of the issue presented in this direct appeal. After all, counsel's argument in this appeal may be persuasive. Ultimately, it would be the criminal defendant himself who would suffer an injustice by our refusal to examine a possibly meritorious argument on appeal.
On that basis, we will proceed to examine Appellant's ineffective assistance claim. The standard for determining whether counsel has been ineffective is found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, 693. Appellant must show that counsel's performance was so deficient that it fell below an objective standard of reasonableness and, but for this substandard representation, the outcome of Appellant's trial would have been different. Id. at 687,104 S.Ct. 2064, 80 L.Ed.2d at 693. Appellant not only must prove, based on the record here, that his counsel's performance was deficient, but must show that he would likely not have been convicted but for those deficiencies.
In his third assignment of error, Appellant, through counsel, makes one claim in support of his argument. Appellant claims that his counsel should have, "investigated the jury pooling procedure in a timely manner * * *." (Appellant's Brief, p. 26.) Because he failed to do so, Appellant's counsel contends, he was unable to argue that the ultimate jury pool failed to represent a fair cross-section of the community. Appellant asserts that the jury was entirely made up of caucasians, although he does not demonstrate this by any reference to the record. Appellant's counsel speculates that there may possibly have been a systematic exclusion of African-Americans from the jury pool. He concludes that he committed the error of ineffective assistance of counsel at trial by not investigating the matter in advance so that he could confirm or dispel his speculation.
In reading this assignment, it is plain that it has absolutely no merit. Appellant is supporting his assignment of error with inference upon inference. In essence, counsel claims that he should have investigated the jury selection process because, assuming arguendo that there were no African-Americans in his jury pool, it is possible they were being excluded by the system employed by Belmont County. However, it is equally or more likely that this speculation is entirely unfounded and that his jury pool was obtained by coincidence. Appellant gives us no indication, either on the record or by filing additional evidence (which then would make this issue a matter for post-conviction filings), that this speculation is based on fact or even well-grounded suspicion. Clearly, Appellant's argument falls woefully short of the Strickland
requirements. Unless there was some greater reason to suspect that these allegations had some truth, not even a reasonably prudent attorney (and we can only assume that Appellant's counsel is advising us that he is not a reasonably prudent attorney) would feel the need for an investigation of this nature. Therefore, we overrule Appellant's third assignment of error.
For all of the foregoing reasons, we hold that Appellant has waived the errors alleged in his first two assignments of error, and that his third assignment of error is without merit. Appellant's conviction and sentence are hereby affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs in part and dissents in part.