DECISION. *Page 2 
{¶ 1} Matthew Allwood was convicted for having a gun under a disability.[1] He now appeals, arguing that he was improperly searched and detained, that he was convicted with ineffective assistance of counsel, and that the evidence did not support his conviction. We affirm.
 I. Detention {¶ 2} A confidential informant had told police officers that Anthony Stark had been dealing drugs from his apartment. Police were outside of Stark's residence on Hackberry Street in Cincinnati when they saw Stark and Allwood get into Stark's car. The police stopped Stark's vehicle for outstanding warrants. They searched his car and found a gun under the driver's seat. The officers removed Allwood (who was in the passenger seat) from the vehicle, arrested him, and searched him. The officers discovered $4,500 in Allwood's pockets. The police took Allwood and Stark to the police station and got a warrant to search the apartment on Hackberry Street.
 {¶ 3} In the apartment, police found cocaine, scales, and plastic baggies. They also found a loaded gun under a mattress in the living room. The police charged Allwood with possession of cocaine, [2]
trafficking in cocaine, [3] and possessing a firearm under a disability.[4] Specifically, the police alleged that the gun that had been found under the mattress in the apartment belonged to Allwood.
 {¶ 4} At a bench trial, Stark testified that Allwood had lived with him at the apartment on Hackberry Street (this contradicted Stark's statement when he was arrested — he indirectly indicated that it was his apartment only), that Allwood had been *Page 3 
the drug trafficker, and that Allwood had owned the gun. Police testified that they had found two pieces of mail addressed to Allwood at the Hackberry Street apartment.
 {¶ 5} The trial court found Allwood guilty of having a weapon under a disability, but not guilty of the drug charges. Specifically, the trial court said that it did not believe Stark's testimony except for the part about Allwood owning the gun. The trial court also said that it based its finding of guilt on the fact that mail had come to Allwood at the Hackberry apartment and on its "personal logic" that police had found two guns, one belonging to each man.
 II. Assignments of Error {¶ 6} Allwood asserts that the trial court erred by (1) denying his motion to suppress; (2) convicting him on insufficient evidence or against the manifest weight of the evidence; and (3) denying him effective assistance of counsel.
 III. Motion to Suppress {¶ 7} A review of a ruling on a motion to suppress presents a mixed question of law and fact[5] Because the trial court is in the best position to evaluate the credibility of witnesses, an appellate court accepts a trial court's findings of fact if those findings are not clearly erroneous.[6] The application of the law to the facts is then reviewed de novo.[7]
 {¶ 8} Police may arrest and detain a suspect without a warrant if officers reasonably believe that a felony has been committed and have probable cause to believe that the suspect they are arresting is guilty of the felony.[8] "Probable cause for a warrantless arrest requires that the arresting officer, at the time of the arrest, possess sufficient information that would cause a reasonable and prudent person to believe that a criminal offense has been or is being committed. "[9] *Page 4 
 {¶ 9} In this case, there was insufficient information for a reasonable person to believe that Allwood had committed a felony when police stopped the car. It was proper for police officers to frisk Allwood for weapons.[10] But the police handcuffed, arrested, and detained Allwood for several hours. The officer that arrested Allwood had been ordered to detain him along with Stark simply because he had come out of the apartment on Hackberry Street. Police had probable cause to arrest Stark and to obtain a warrant to search his apartment. But that is immaterial. The police had suspected Stark of a crime, not Allwood. That Allwood had been with a person that police reasonably believed was a drug dealer did not give them probable cause to search or detain Allwood. Being the cousin of a criminal did not necessarily make Allwood a criminal as well.
 {¶ 10} It is unclear from the record whether the $4,500 was found during a weapons frisk or during a more thorough search of Allwood after his arrest. But even if the police had discovered the money as a result of a search incident to an improper arrest, in this case it was harmless error to deny the motion to suppress. The only item found on Allwood was the $4,500. If the trial court would have convicted Allwood on the drug charges, the search-and-seizure violation may have been reversible error because drugs and money are historically related. But the court found Allwood not guilty of the drug charges. And there is not as close a correlation between having a large amount of cash and possessing a gun. In fact, the trial court stated on the record the basis for its finding of guilt, and the money was not one of the factors. Thus, the evidence found in the search of Allwood did not contribute to his conviction.
 IV. Sufficiency and Manifest Weight of the Evidence {¶ 11} Allwood argues that the state did not present sufficient evidence to support a conviction, or that the conviction was against the manifest weight of the *Page 5 
evidence. When we review the evidence for sufficiency, we view the evidence in a light most favorable to the state and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.[11] On the other hand, for a manifest-weight challenge, we review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trial court clearly lost its way, thus creating a manifest miscarriage of justice.[12]
 {¶ 12} In this case, with the evidence viewed most favorably toward the state, there was sufficient evidence to uphold the conviction. The mail indicated that Allwood had lived in the Hackberry Street apartment. There were two men and two guns. And Stark testified that one gun had belonged to Allwood. A rational trier of fact could have concluded that Allwood owned that gun.
 {¶ 13} Likewise, the finding of guilt was not against the manifest weight of the evidence. The trial court was in the best position to evaluate the credibility of the witnesses. The court stated that it did not believe most of Stark's testimony, but that it did believe him when he testified that the gun had belonged to Allwood. Although another finder of fact might have found Allwood not guilty, it is not clear that the finding of guilt created a miscarriage of justice. This assignment of error is overruled.
 V. Ineffective Assistance {¶ 14} Allwood argues that he was deprived of the effective assistance of counsel because his attorney failed to object on hearsay grounds to the introduction of Allwood's mail that had been sent to the Hackberry apartment.
 {¶ 15} Allwood's attorney on appeal is the same attorney who represented him at trial; thus, she cannot argue that she was incompetent at the trial level.[13] Furthermore, *Page 6 
even if Allwood had retained a different appellate attorney, his trial attorney was certainly competent — she succeeded in having Allwood acquitted on the drug charges.
 {¶ 16} For the foregoing reasons, we affirm Allwood's conviction.
Judgment affirmed.
SUNDERMANN, J., concurs.
HILDEBRANDT, P. J., concurs separately.
[1] R.C. 2923.13(A)(3).
[2] R.C. 2925.11(A).
[3] R.C. 2925.03(A)(2).
[4] R.C. 2923.13(A)(3).
[5] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, at ¶ 8.
[6] Id.
[7] Id.
[8] R.C. 2935.04.
[9] State v. Elmore, 111 Ohio St.3d 515, 2006-Ohio-6207,857 N.E.2d 547, at ¶ 39.
[10] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[11] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[12] State v. Marshall, 175 Ohio App.3d 488, 2008-Ohio-955,887 N.E.2d 1227, at ¶ 46.
[13] State v. Fuller (1990), 64 Ohio App.3d 349, 356,581 N.E.2d 614.