The STATE of Ohio, Appellee,

v.

MELTON, Appellant.

[Cite as *State v. Melton* (2001), 142 Ohio App.3d 129.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77944.

Decided April 2, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Fernando Mack,* Assistant Prosecuting Attorney, for appellee.

*Michael J. Goldberg & Associates* and *Daniel M. Margolis,* for appellant.

MICHAEL J. CORRIGAN, Presiding Judge.

In 1980, a jury convicted defendant Russell Melton of kidnapping, rape, and felonious assault. In January 2000, the state asked the court to classify defendant as a sexual predator. Following the hearing, the court determined that the state failed to present clear and convincing evidence that defendant was likely to commit a sexually oriented offense in the future, so it refused to classify defendant as a sexual predator. Instead, the court referred to another conviction for gross sexual imposition and classified defendant as a habitual sexual offender. The sole issue in this appeal is whether the court erred by permitting the state to read into the record verbatim portions of the victim's statement in the underlying criminal case.

A court considering whether to classify an offender as a sexual predator may use reliable hearsay such as a presentence investigation report or victim impact statements because the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. In *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 587, the Supreme Court stated:

"Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold the Ohio

Rules of Evidence do not strictly apply to sexual predator determination hearings."

The courts of appeals have consistently viewed victim statements as admissible in sexual predator hearings. See *State v. Parker* (Nov. 19, 1999), Columbiana App. No. 98–CO–76, unreported, 1999 WL 1050094; *State v. Warner* (Apr. 20, 1998), Butler App. No. CA97–03–064, unreported, 1998 WL 191412 (collecting cases). Under the circumstances, and given no objection by defendant, we find that the court did not err by permitting the state to read into evidence portions of a victim's police statement.

■ Even were we to find that the court erred by permitting the state to read portions of a victim's statement, there would be no reversible error, since the statement would have been superfluous to the court's classification of defendant as a habitual sexual offender. R.C. 2950.01(B) defines a "habitual sexual offender" as "a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." This is a mandatory classification for offenders who (1) were convicted of or pleaded guilty to a sexually oriented offense and (2) have a previous conviction for one or more sexually oriented offenses. A habitual sexual offender classification therefore requires no consideration of those factors used to determine whether an offender is a sexual predator.

Our interpretation that the habitual sexual offender classification is mandatory in this case is supported by the language of R.C. 2950.09(C)(2)(b)(ii), which, as applicable to persons like defendant who were convicted of a sexually oriented offense prior to January 1, 1997, but not sentenced after January 1, 1997, states in relevant part:

"(ii) If the hearing is to determine whether the offender is a sexual predator, and if the court determines that the offender is not a sexual predator but that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted, it *shall* include its determination that the offender is not a sexual predator but is a habitual sex offender in the offender's institutional record. * * *" (Emphasis added.)

■ The use of the word "shall" in a legislative provision indicates that the provision will generally be construed as mandatory. See *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus.

It is uncontested that defendant was convicted of rape and had a previous conviction for gross sexual imposition. A recitation of the victim's police statement did not change this fact. Under the circumstances, a reading of the police

statement could not have prejudiced defendant in any way, since the court had the obligation, regardless of the particular facts of the case, to find defendant a habitual sexual offender. The assigned error is overruled.

*Judgment affirmed.*

BLACKMON and DYKE, JJ., concur.