OPINION
Appellant Joseph A. Cooper appeals the decision of the Court of Common Pleas, Muskingum County, determining that he is a sexual predator pursuant to R.C. 2950.09(C). The relevant facts leading to this appeal are as follows. In 1983, appellant pled guilty to one count of rape, for which he received a sentence of five to twenty-five years. On October 31, 2000, the court ordered the appellant to appear for a sexual predator classification hearing, which ultimately was conducted on January 8, 2001. On January 16, 2001, the trial court issued an entry establishing appellant as a sexual predator. Appellant filed a notice of appeal on February 14, 2001. He herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED IN CLASSIFYING THE DEFENDANT-APPELLANT AS A SEXUAL PREDATOR PURSUANT (SIC) OHIO REVISED CODE SECTION 2950.09(C). THE CLASSIFICATION OF DEFENDANT AS A SEXUAL PREDATOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE SEXUAL PREDATOR HEARING.
 I
In his Assignment of Error, appellant maintains the trial court erred when it classified him a sexual predator because the finding is against the manifest weight of the evidence. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review the Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court sub judice
considered the above factors, indicating in the record the court's particular concern about appellant's prior criminal record regarding all offenses, the age of the victim, and the display of cruelty during the commission of the sexually oriented offense. See R.C.2950.09(B)(2)(b),(c), and (i). During the classification hearing, the state called Melanie Richert, a court probation officer.[1] Richert testified that the appellant "does have a prior juvenile record" and also had adult arrests. Tr. at 4. She noted that the victim of the 1983 rape was sixty-three years of age at the time, and that physical complications resulted from the crime. Id. She informed the court that appellant used a butcher knife to threaten the victim during the rape, "* * * indicat[ing] that he would cut out her tongue, rape her anally and orally, and kill her during the commission of this offense." Tr. at 5.
Appellant essentially juxtaposes what he considers incomplete sexual predator evidence against his attempts to be a model prisoner during his nineteen-year period of incarceration, including graduating with a two-year degree through Ohio University and completion with high marks in a sex offender treatment program at Madison Correctional Institute. He also challenges Richert's testimony in toto, arguing that her qualifications and foundation for testifying are faulty. However, as a general rule, an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207. The transcript of the proceedingssub judice does not reflect any objection to Richert's competency to testify. Moreover, in Cook, supra, at 425, the Ohio Supreme Court stated:
 Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings.
See, also, State v. Melton (2001), 142 Ohio App.3d 129.
Therefore, based on all of the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2), and that there was competent, credible evidence to support the findings made by the trial court at the January 8, 2001 hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses. Appellant's Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: WISE, J., GWIN, P. J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Appellant correctly points out that Richert's actual nature of employment or job title was not elicited during her testimony. Her position as a probation officer is asserted in the state's brief.